IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SERENA KINCANON, as the Permanent Guardian of RALPH KARL INGRIM, an Incapacitated Person,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RANDALL COUNTY, SHERIFF JOEL W. RICHARDSON, CORRECT CARE SOLUTIONS, LLC, NICK WRIGHT, and CRISTINA GIBBONS,<br><br>　　　　　Defendants. | Civil Action No. 2:17-CV-055-C |

## ORDER

On this day, the Court considered:

(1)　Defendant Cristina Gibbons' Motion to Dismiss, along with Plaintiff's Response and Gibbons' Reply;

(2)　Defendant Nick Wright's Motion to Dismiss, along with Plaintiff's Response and Wright's Reply; and

(3)　Defendant Correct Care Solutions, LLC's Motion to Dismiss, along with Plaintiff's Response and Correct Care Solutions, LLC's Reply.[1]

After considering all relevant arguments and evidence, the Court **DENIES** Defendants' Motions to Dismiss as set out below.

---

[1] Also pending before the Court is Defendant Sheriff Joel W. Richardson's Motion to Dismiss, filed May 22, 2017. Because Plaintiff has consented to the dismissal of her claims asserted against Richardson, the Court need not address said Motion.

# I.
# BACKGROUND

This case arises out of the injury sustained by Ralph Karl Ingrim while being held as a pretrial detainee after his arrest for criminal trespass. Ingrim suffered from a seizure disorder after having a brain tumor removed years before the incident giving rise to this lawsuit. Ingrim was arrested and held at the Randall County Detention Center. Upon learning of Ingrim's arrest, Plaintiff went to the jail and informed Defendant Wright, the officer on duty at the booking area of the jail, that her son (Ingrim) required anti-seizure medications to prevent possible injury to himself. Plaintiff's Complaint alleges that Wright refused to provide Ingram the medications offered by Plaintiff. Plaintiff further alleges that Wright was annoyed with Plaintiff's attempts to get Wright to take note of the specific medications and attempt to have them provided by jail medical staff to her son. According to Plaintiff's pleadings, Wright informed Plaintiff that her only course of action was to bond her son out of jail. Plaintiff left the jail to secure a bond for Ingrim's release. Upon Plaintiff's return to the jail, she was informed that Ingrim had suffered a severe seizure and fallen. The fall caused Ingrim to hit his head and suffer severe brain injury. Plaintiff brings claims against Correct Care Solutions, LLC, the entity entrusted with providing medical care and staff at the Randall County Detention Center. She also brings claims against jailers Wright and Gibbons, along with Randall County. Plaintiff brings claims against each Defendant under 42 U.S.C. § 1983 alleging deliberate indifference to her son's medical needs that resulted in his injuries. Additionally, she alleges a failure to train and supervise claim against Defendants Randall County and Correct Care Solutions, LLC.

Defendants Wright and Gibbons seek dismissal based upon qualified immunity and failure to adequately plead deliberate indifference. Defendant Correct Care Solutions, LLC seeks dismissal, arguing that Plaintiff has failed to state a claim for relief by failing to state an underlying constitutional violation or a custom or practice that was a moving force behind the alleged constitutional deprivation. Plaintiff opposes each pending Motion to Dismiss.

## II.
## STANDARD

*Rule 12(b)(6)–Failure to State a Claim*

In order for a plaintiff to state a claim for relief, the plaintiff must plead a short, plain statement of the claim showing entitlement to such relief. *See* Fed. R. Civ. P. 8. "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). While this standard does not require the plaintiff to make detailed factual allegations, it does demand more than a plaintiff's bare assertions or legal conclusions. *Id.* at 681. Hence, formulaic recitations of the elements of a cause of action supported by mere conclusory statements do not satisfy Rule 8. *Id.*

## III.
## DISCUSSION

Defendants argue for dismissal of Plaintiff's claims for denial of medical care brought under the Fourteenth Amendment. The Court finds that the Motions should be **DENIED** because Plaintiff's pleadings are sufficient to survive a motion to dismiss. Although Defendants Wright and Gibbons have argued that qualified immunity applies to the claims asserted against them in their individual capacities, no such immunity has yet been asserted. The defense of qualified immunity is an affirmative defense that must be pleaded in order to not be deemed waived. *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982); *Barker v. Norman*, 651 F.2d 1107, 1120 (5th Cir. 1981) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("in the sense that it must be pleaded")). Some courts have allowed defendants to assert the defense for the first time in a motion to dismiss. However, a preferential practice is to have a defendant raise the affirmative defense by pleading it in a defendant's answer. At that point, the Court will conduct a Rule 7(a) review of a plaintiff's pleadings and determine if the pleadings raise a constitutional claim under the Rule 8(a) pleading standard. If not, the plaintiff is ordered to file a Rule 7(a) reply; however, if the first pleading is sufficient to have stated a constitutional violation, then the Court sets a deadline for the defendant(s) to file a motion to dismiss or a motion for summary judgment on the issue of qualified immunity. Here, the Court has, in essence, already conducted a review of the pleadings because of the Motions to Dismiss and determines that the Complaint sufficiently meets its burden under the notice pleading standards of Rule 8 to state a claim.[2]

---

[2]The Court notes that at the summary judgment stage of this case, Plaintiff will be required to come forward with specific facts relating to *each individual Defendant's* actions or inactions in relation to any analysis on the issue of qualified immunity. Each individual defendant's own conduct must be separately analyzed when making a finding as to whether

Therefore, after Defendants Wright and Gibbons file answers asserting the affirmative defense of qualified immunity, the Court will issue an Order setting the deadline for them to file motions to dismiss and/or for summary judgment on the issue of qualified immunity.

Likewise, the Court finds that Plaintiff's Complaint sufficiently alleges a practice or custom that was the moving force in the alleged constitutional violations – failing to provide procedures for medical screening, evaluation, and prompt care for pre-trial detainees who have a high risk for certain medical issues. Of note in this case is that, according to the factual allegations contained in the pleadings, Plaintiff explicitly made known her son's medical issue and specified that he needed the medications she had brought with her to prevent the exact harm which resulted in this lawsuit. Thus, the pleadings allege that even with notice of the medical issue and the possible means to avoid it, a procedure to evaluate and provide prompt care may have been lacking. The Court finds that Plaintiff has met her pleading burden as to a municipal liability claim against Defendant Correct Care Solutions, LLC, and its Motion to Dismiss for Failure to State a Claim is DENIED.

## IV.
## CONCLUSION

For the above-stated reasons, Defendants' Motions to Dismiss are **DENIED** without prejudice to Defendants Wright and Gibbons refiling dispositive motions on the issue of qualified immunity at a later date. Defendant Correct Care Solutions, LLC's Motion to Dismiss is **DENIED**.

---

qualified immunity may or may not apply.

5

Further, Defendant Sheriff Joel Richardson's Motion to Dismiss is **GRANTED** following Plaintiff's Notice of Consent to Dismissal of Defendant Joel W. Richardson, filed May 22, 2017.

SO ORDERED.

Dated this 2nd day of October, 2017.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE